# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONNIE SPELLS,** | : | CIVIL NO.  3:15-CV-1046 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| **WARDEN EBBERT,** | : | |
| | : | |
| Respondent | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 1) pursuant to 28 U.S.C. § 2241 filed by petitioner Ronnie Spells ("Spells"), a federal inmate incarcerated at the United States Penitentiary at Lewisburg, Pennsylvania.  Spells challenges the validity of his career offender status.  Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4,[1] and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## **I.    Background**

The following procedural history has been extracted from the United States District Court for the Southern District of New York's memorandum disposing of Spells's petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255:

---

[1] Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 CASES R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

> On October 4, 2006, Spells was convicted of one count of possession with intent to distribute crack cocaine under 21 U.S.C. § 841(b)(l)(B); one count of possession with intent to distribnte [sic] heroin under 21 U.S.C. § 841(b)(l)(C); one count of possession of a firearm in furtherance of drug trafficking offenses under 18 U.S.C. § 924(c)(l)(A)(l); one count of felon in possession of a firearm under 18 U.S.C. § 922(g)(l)(A); and two counts of possession of a defaced firearm under 18 U.S.C. § 922(k). Spells was sentenced to a total term of 232 months' imprisonment. See United States v. Spells, No. 04-CR-1304 (GEL) (S.D.N.Y. Oct. 4, 2006). Spells filed a direct appeal, and the Court of Appeals for the Second Circuit vacated his conviction with respect to the two counts of possession of a defaced firearm. See United States v. Spells, No. 06-4820-CR (2d Cir. Feb. 29, 2008). The Court of Appeals affirmed and remanded Movant's conviction with respect to the other four counts for reconsideration of sentencing in light of two intervening Supreme Court decisions. Id. On remand, this Court amended Spells's judgment by reducing his total term of imprisonment to 186 months. See United States v. Spells, No. 04-CR-1304-01 (GEL) (S.D.N.Y. May 23, 2008), appeal withdrawn per stipulation, No. 08-2765-CR (2d Cir. Aug. 4, 2008).
>
> On May 6, 2014, Spells filed the instant section 2255 motion, alleging that his sentence was enhanced as a result of this Court wrongfully classifying him as a "career offender" based on convictions for crimes he committed as a minor. Movant seeks to have his present sentence vacated and to be resentenced to the term he would have received if he was not classified as a career offender.

Spells v. United States, No.14-cv-3774-PKC, electronic docket no. 5  (S.D. NY July 30, 2014) (footnote omitted).  In denying the petition, the court concluded, *inter alia*, that Spells's argument that he is "actually innocent" of being a "career offender" lacked merit because he "does not claim to be actually innocent of the charges to which he pled guilty, but rather claims that he is actually innocent of being a career offender, the Sentencing Guidelines factor that increased his sentence." (Id. at p. 5).  Spells sought reconsideration. The court denied the motion on October 29, 2014.  Spells v. United States, No.14-cv-3774-PKC , electronic docket no. 6.

The instant petition was filed on May 29, 2015.

2

**II.     Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A). As noted above, Spells raised the very issue he raises in this petition in his motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. Spells has failed to seek certification from the appropriate court of appeals to file a second or subsequent § 2255 petition. 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Instead, he attempts to utilize § 2241 to obtain the desired relief. Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, as is the case here, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at

251.).  Rather, only when a federal prisoner is in an unusual position of having no earlier opportunity to challenge his conviction or where he "is being detained for conduct that has subsequently been rendered noncriminal by an intervening Supreme Court decision" can he avail himself of § 2241.  Dorsainvil, 119 F.3d at 251–52.

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255 and Spells fails to demonstrate that he falls within the Dorsainvil exception.  He fails to allege that he had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate as he contends that the court lacks jurisdiction as opposed to being factually innocent of the crime for which he was convicted.  Accord United States v. Brown, 456 F. App'x 79, 81 (3d Cir. 2012) (*per curiam*) (stating "[w]e have held that § 2255's 'safety valve' applies only in rare circumstances, such as when an intervening change in the statute under which the petitioner was convicted renders the petitioner's conduct non-criminal.  Brown has not satisfied that standard here, as he makes no allegation that he is actually innocent of the crime for which he was convicted, but instead asserts only that he is 'innocent' of being a career offender."); see also, Selby v. Scism, 453 F. App'x 266, 268 (3d Cir. 2011) (finding "Selby does not argue that he is innocent of the offense for which he was convicted; he argues that he is 'innocent' of a [career offender] sentencing enhancement because of an intervening change in law.  Accordingly the exception described in In re Dorsainvil does not apply.").  If a petitioner improperly challenges a federal conviction or sentence under section 2241, as is the case here, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437

F.2d 1154, 1165 (3d Cir. 1971).

### III. Conclusion

For the above stated reasons, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

                **BY THE COURT:**

                **s/James M. Munley**
                **JUDGE JAMES M. MUNLEY**
                **United States District Court**

Dated: July 16, 2015